IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES LIFE INSURANCE )
COMPANY IN THE CITY OF NEW YORK, )
 )
               Plaintiff, )
 )
  v. ) No. 07 C 3198
 )
ANDREA MAYSTER-LEVIN, )
 )
               Defendant. )

MEMORANDUM ORDER

On June 27, 2007 this Court issued a memorandum order that in part dismissed Case No. 07 C 3225 and converted the pleadings in that case to pleadings in this one. Although that memorandum order also specified that the due date for the reply to what is now the counterclaim in this action (formerly the Complaint in Case No. 07 C 3225) would be the same as the due date for the responsive pleading in the latter case, unknown to this Court United States Life Insurance Company in the City of New York ("United States Life") had already electronically filed its Answer and Affirmative Defenses ("ADs") in that case on the preceding day. This memorandum order is issued sua sponte to address a few problematic aspects of that pleading (which, as already indicated, is treated as United States Life's Reply).

To begin with, Reply ¶18 responds to an allegation about one of the provisions of its insurance policy at issue in this litigation by "stat[ing] that the Policy speaks for itself." That is not an appropriate response--see App. ¶3 to State Farm

Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Moreover, Reply ¶18's purported denial of "any and all allegations set forth in ¶18 of Plaintiff's Complaint inconsistent with and/or contradictory to the written terms of the Policy" is totally uninformative, defeating the purpose of the notice pleading system that is operative in the federal courts. Reply ¶18 is accordingly stricken, without prejudice to United States Life's repleading of that paragraph on or before July 9, 2007, including a specific identification of its Policy provisions that it views as assertedly inconsistent with or contradictory to the quoted Policy provision.

Next, AD 1 speaks in terms applicable to a Fed. R. Civ. P. ("Rule") 12(b)(6) motion. There is a serious question whether such a motion should be wrapped in the mantle of an AD in any event--but that aside, if and to the extent that United States Life views the Complaint as falling short in that respect it must bring that subject on by an appropriate motion, supported by more than the generalized conclusion it now advances. In the meantime AD 1 is also stricken.

Finally and parenthetically, it does not inspire confidence in the work of United States Life's counsel to find that the "WHEREFORE" paragraphs that follow (1) the answer to what is now Counterclaim Count II and (2) each AD ask for the entry of judgment in favor of United States Life and against "Warren,"

when its adversary in this action is Andrea Mayster-Levin. Someone is obviously guilty of a proofreading failure or a lack of thought or both.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 28, 2007